# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James Childers,**
**Plaintiff Below, Petitioner**

**FILED**

April 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0639** (Mercer County 10-C-513)

**City of Bluefield,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner James Childers, by counsel, Harold Robertson, appeals the Circuit Court of Mercer County's order granting respondent's motion for summary judgment entered on April 12, 2012. Respondent City of Bluefield ("City"), by counsel, Chip Williams and Jessica L. Cook, filed a response in support of the circuit court's order. Petitioner did not file a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 3, 2010, petitioner lost control of his vehicle and wrecked as he led the City's police officers on a high-speed chase. As a result of the incident, petitioner pled guilty to the felony offense of fleeing from an officer while driving under the influence, in violation of West Virginia Code § 61-5-17. On or about October 15, 2010, petitioner filed a civil action against the City as a result of the injuries he sustained in the single-car accident. By order entered April 12, 2012, the circuit court granted the City's motion for summary judgment.  Petitioner now appeals to this Court.

Under Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper only where the moving party shows that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See* Syl. Pt. 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992); Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Company of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

On appeal, petitioner argues that the circuit court erred in concluding as a matter of law that the City's officers did not act with gross negligence and with reckless disregard during the pursuit of petitioner. As support, petitioner asserts that the officers knew him and immediate apprehension was not necessary. The City responds that the record is devoid of evidence that supports the claim against the City. Specifically, the City argues that police officers who pursue

1

law breakers are immune from liability unless they act with gross negligence or reckless conduct. The City further argues that even if the officers were grossly negligent, the petitioner's own criminal act of fleeing from the officers while under the influence was the proximate cause of his injuries.

"'A circuit court's entry of summary judgment is reviewed *de novo.*' Syllabus Point 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Hicks ex rel. Saus v. Jones,* 217 W.Va. 107, 617 S.E.2d 457 (2005). Upon our review of the record, the Court finds no error in the circuit court's entry of summary judgment in favor of the City. The circuit court's order clearly documents both the petitioner's reckless conduct and the precautions taken by the officer. We hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the single assignment of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2